UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )   | |
| Plaintiff, ) | |
| v. )  | No. 2:07 CV 330 |
| TOWN OF ST. JOHN, INDIANA, )  | |
| Defendant. ) | |

## OPINION AND ORDER

Plaintiff United States initiated this action against defendant Town of St. John, Indiana alleging that defendant violated the Fair Housing Act (FHA) by failing to grant a zoning variance that would have allowed a St. John resident, Kenneth Ubriaco, to share his home with an unrelated person suffering from multiple sclerosis. (DE # 1 at 1-5.) The government seeks injunctive relief, monetary damages and civil penalties, citing 42 U.S.C. §§ 3614(a), 3614(d)(1)(B)-(C). Defendant moved to dismiss, mainly arguing that the government brought this suit after the applicable statute of limitations had passed. (DE # 4.) The government responded (DE # 13-14) and defendant replied. (DE # 17.) For the reasons explained below, defendant's motion is **DENIED**.

**I. BACKGROUND**

Defendant's initial motion assumes that the government brought suit under 42 U.S.C. § 3614(b), a subsection of the FHA titled "[o]n referral of discriminatory housing practice or conciliation agreement for enforcement." (DE # 4 at 2.) As defendant properly notes, causes of action under this subsection are subject to an 18 month statute

of limitations. (*Id.* (quoting 42 U.S.C. § 3614(b)(1)(B)).) This limitations period starts running on "the date of the occurrence or termination of the alleged discriminatory housing practice," 42 U.S.C. § 3614(b)(1)(B), a date that defendant identifies as April 21, 2005, the day the St. John Town Council denied the zoning variance at issue. (DE # 4 at 1.) Since more than 18 months passed between April 21, 2005 and September 21, 2007, the day the government filed its complaint in this case, defendant asserts that this action is time-barred. (*Id.* at 2-3.)

In addition, defendant's motion contends that the government can only bring an FHA complaint if there has been a "pattern or practice" of discrimination. (DE # 4 at 2-3.) Since the government's complaint mentions only one incident of discrimination, defendant claims that there is no "pattern or practice" and thus the government's suit must be dismissed. (*Id.* at 3.)

The government responds that its case is being brought under 42 U.S.C. § 3614(a), a subsection of the FHA titled "[p]attern or practice cases," and that there is no statute of limitations for injunctive relief under this subsection. (DE # 13 at 1-2.) Furthermore, the government acknowledges that there are limitations periods for its claims for damages and civil penalties, but argues that these periods have not run. (*Id.* at 4-7.) The government agrees that it did not allege a "pattern or practice" of discrimination, but argues that § 3614(a) provides an additional cause of action in cases where "any group of persons has been denied any of the rights granted by this

subchapter and such denial raises an issue of general public importance." 42 U.S.C. § 3614(a); (*see* DE # 13 at 8-9.)

In its reply, defendant changes tactics, choosing not to defend its contention that the government's complaint violates 42 U.S.C. § 3614(b)(1)(B)'s statute of limitations. Instead, defendant asserts that the government cannot bring a claim under § 3614(a) unless it is alleges a "pattern or practice" of discrimination. (DE # 17 at 2-3.) Because the government admittedly is not making such an allegation, defendant asserts that this case should be dismissed. (*Id.* at 2-9.) Defendant also briefly argues that the government cannot rely on the "general public importance" portion of § 3614(a) because such a claim requires a "group of persons" to have been denied their FHA rights. (*Id.* at 3.) Defendant claims that there is only person– Mr. Ubriaco, the man who sought the zoning variance– whose FHA rights may have been violated and thus there is no "group of persons." (*Id.*)

## II. STANDARD OF REVIEW

Defendant brought this motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). When considering a motion to dismiss under RULE 12(b)(6), the court accepts all of "the complaint's well-pleaded allegations as true" and draws "all favorable inferences for the plaintiff." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). A "well-pleaded allegation" must provide a "short and plain statement of the claim" showing that the plaintiff merits relief. FED. R. CIV. PROC. 8(a). The statement must give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

*Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (internal quotation marks omitted). The complaint must go beyond providing "labels and conclusions," and "must be enough to raise a right to relief above the speculative level." *Id* at 1964-65. The complaint must therefore contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### III. ANALYSIS

Defendant does not address the government's response to its statute of limitations argument (*see* DE # 17), and thereby effectively abandons that portion of its motion to dismiss. This was wise, as its limitations argument was flatly wrong. *See Garcia v. Brockway*, 503 F.3d 1092, 1095 (9th Cir. 2007) (holding that "[t}he FHA does not provide a statute of limitations for [§ 3614(a)] actions, and other courts have held that such actions seeking equitable relief are not subject to any time limit"); *United States v. Harrison*, 188 F. Supp. 2d 77, 80 (D. Mass. 2002) (government-brought claims for injunctive relief under § 3614(a) have no statute of limitations); *United States v. Hamllmark Homes, Inc.*, No. CV01-432, 2003 WL 23219807, at*2-*4 (D. Idaho Sept. 29, 2003) (§ 3614(a) claims for damages and civil penalties have statutes of limitations of three and five years, respectively). However, defendant continues to argue that the government cannot raise a claim under § 3614(a). This argument has two bases, and the court will address each in turn.

First, defendant alleges that the government cannot bring suit under § 3614(a) without alleging a "pattern or practice" claim of discrimination. (DE # 4 at 2-3; DE # 17

4

at 3-9.) Case law and the plain text of the statute both contradict defendant's contention. § 3614(a) reads:

> **(a) Pattern or practice cases**
>
> Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this subchapter, or that any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in any appropriate United States district court.

42 U.S.C. § 3614(a). As defendant notes, the title of this subsection is "[p]attern or practice cases" and the initial cause of action described in the text involves "a pattern or practice of resistance" to FHA rights. However, the subsection also contains a separate clause noting that when "any group of persons has been denied any of the rights granted by this subchapter and such denial raises an issue of general public importance" the government may bring suit. *Id.* District courts throughout the country have held that this clause creates a separate cause of action independent from a "pattern or practice" claim. *See United States v. Habersham Prop.*, 319 F. Supp. 2d 1366, 1372 n.7 (N.D. Ga. 2003) (government may bring a cause of action under §3614(a) by alleging that group of persons has been denied FHA rights and this denial raises an issue of general public importance); *United States v. Taigen & Sons, Inc.*, 303 F. Supp. 2d 1129, 1138 (D. Idaho 2003) (same); *United States v. Garden Homes Mgmt., Corp.*, 156 F. Supp. 2d 413, 420 n.7 (D.N.J. 2001) (same); *United States v. City of Chicago Heights*, 161 F. Supp. 2d 819, 843 (N.D. Ill. 2001). Defendant spends the nearly all of his ten page reply brief

5

unconvincingly denying that this clause means what it says; specifically, he argues that this reading is "inconsistent with the FHA's statutory framework." (*See* DE # 17 at 1-9). Notably, defendant fails to present any applicable case law to support his tortured reading of the statute. This court rejects defendant's argument that every § 3614(a) claim must allege a "pattern or practice" of discrimination.

Second, defendant contends that the government cannot raise a "general public importance" claim under § 3614(a) because it has not alleged that a "group of persons" has been denied their FHA rights. (DE # 17 at 3.) Defendant asserts that "the only person who allegedly had his fair housing rights violated is Mr. Ubriaco" and that "[t]he variance sought by him was for the purpose of changing the permitted legal use of his property, not to enact changes to local zoning laws that changed how zoning laws applied to other properties or persons." (*Id.*)

By only raising this argument in its reply brief, defendant has waived it. *See United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir.2006) (arguments raised for first time in reply brief considered waived). Ignoring the waiver, this claim also fails on the merits, because defendant characterizes the government's allegations inaccurately. The government has not alleged that defendant violated Mr. Ubriaco's FHA rights, but rather those of his potential housemates – victims of multiple sclerosis. (*See* DE # 1 at 4-5) (alleging that defendant has "made unavailable or denied a dwelling to renters and potential renters, because of a handicap of such renters or prospective renters".) Thus, the government alleged that persons who suffer from this disease, and who are

prevented from sharing Mr. Ubriaco's home due to defendant's rejection of the zoning variance, are the "group of persons" required by § 3614(a). (*Id.*)

Furthermore, other courts have found that prospective renters or tenants can be a "group of persons" under § 3614(a). For example, in *United States v. Shanrie Co. Inc.*, No. 05 CV 306, 2007 WL 980418 (S.D. Ill. Mar. 30, 2007), the court allowed a § 3614(a) "general public importance" claim against a corporation for failing to construct an apartment complex in a manner accessible to persons with disabilities. In so holding, the court viewed all "people with mobility impairments" as the "group of persons" required by § 3614(a). *See id.* at *9; *see also United States v. Quality Built Const., Inc.*, 309 F. Supp. 2d 756, 758 (E.D.N.C. 2003) (using general category of "handicapped persons" to satisfy § 3514(a)'s "group of persons" requirement). The government has properly alleged that victims of multiple sclerosis are the "group of persons" required by § 3614(a). Accordingly, the government has alleged a viable claim under 42 U.S.C. § 3614(a)'s "general public importance" cause of action.

## IV. CONCLUSION

For the forgoing reasons, defendant's motion to dismiss (DE # 4) is **DENIED.**

**SO ORDERED.**

**ENTER:** January 23, 2008

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT